# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: C.S. and N.S.

No. 16-0772 (Wayne County 15-JA-033 & 15-JA-034)

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners, mother J.S. and father T.S., by counsel Kerry A. Nessel, appeal the Circuit Court of Wayne County's July 26, 2016, order granting the DHHR permanent guardianship of C.S. and N.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), David R. Tyson, filed a response on behalf of the children supporting the circuit court's order. Respondent parent below H.G., by counsel Elizabeth Gardner Estep, filed a response in support of the circuit court's order. Additionally, respondent parent below M.K., by counsel J. Anthony Spenia, filed a response in which he took no position with respect to petitioners' assignment of error. On appeal, petitioners allege that the circuit court erred in granting the DHHR a permanent guardianship of the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2015, the DHHR filed an abuse and neglect petition concerning eight-year-old C.S. and nine-year-old N.S. The petition further included children that are not at issue on appeal: eight-year-old C.Y., fifteen-year-old A.K., and seventeen-year-old T.K. According to

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

the DHHR, it received a report that petitioners forced the children to sleep in the bar where petitioner mother worked and petitioner father spent time as a customer consuming alcohol. Moreover, the DHHR alleged that the children had excessive absences from school; that petitioners fought in front of the children, both verbally and physically; and that at least one child in the home appeared malnourished. Following the report, the DHHR initiated an investigation, during which petitioner father admitted that he drank "quite often." Petitioner father also admitted to domestic violence between petitioners, as evidenced by scratches on his face that petitioner mother caused. Accordingly, the DHHR's petition alleged domestic violence in the home in addition to petitioner father's alcohol abuse, among other issues. Petitioners thereafter waived their preliminary hearing.

The circuit court held an adjudicatory hearing in March of 2015, during which petitioners stipulated to truancy, lack of supervision, verbal domestic altercations in the home, and that child A.K. was beyond their control. In May of 2015, the DHHR filed an amended petition to include information regarding Child Protective Services in the State of North Carolina, where the biological mother of both N.S. and C.S. resided and where petitioners resided prior to moving to West Virginia. That same month, petitioners moved for post-adjudicatory improvement periods, which the circuit court granted. Over the next several months, the circuit court held review hearings regarding petitioners' improvement periods and found them to be in substantial compliance with the terms and conditions of the same. The circuit court further granted petitioners an extension to their improvement periods. However, the circuit court continued to find that returning the children to petitioners' care was contrary to their best interests.

In January of 2016, the circuit court held a review hearing during which it heard evidence of petitioner father's recent arrest for driving under the influence ("DUI"). Based upon this evidence, the circuit court found that petitioner father was only moderately compliant with the terms and conditions of the improvement period and again declined to return the children to the home. In March of 2016, the circuit court held a dispositional hearing. The children's therapist testified that the children continued to inform him that they did not wish to return to petitioners' home. The children feared at least one of their parents. Ultimately, the circuit court granted petitioners dispositional improvement periods.

During a status hearing in May of 2016, the circuit court again found that petitioners were substantially compliant with the terms and conditions of their improvement period. However, the circuit court additionally found that, although they "do what is asked," petitioners failed to "internalize the issues and lessons learned." Accordingly, the circuit court again found that returning the children to petitioners' care was contrary to their welfare.

In July of 2016, the circuit court held a dispositional hearing. The circuit court found that, despite petitioners' compliance, they simply failed to correct the conditions of abuse and neglect in the home. Moreover, the circuit court heard evidence that C.S. and N.S. should remain together and that C.S. did not want to reside with petitioners. As such, the circuit court granted the DHHR permanent guardianship of C.S. and N.S. with physical placement to be with relatives in North Carolina. It is from this order that petitioners appeal.

The Court has previously established the following standard of review:

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's decision to grant the DHHR permanent guardianship of the children and allow placement with relatives.

On appeal, petitioners do not dispute the allegations against them or the conditions of abuse and neglect present in the home. Instead, petitioners argue that they substantially complied with the terms and conditions of their improvement periods and corrected the conditions in the home. The Court, however, does not agree. While it is true that the circuit court found, on several occasions, that petitioners fully complied with the requirements of their improvement periods, the record is clear that petitioners failed to remedy the conditions in the home such that reunification with the children was in the children's best interests. This was supported by evidence of continued alcohol abuse, which culminated in petitioner father's arrest for DUI approximately one year after the DHHR initiated the proceedings. Moreover, the circuit court specifically noted that although petitioners complied with the requirements of their improvement periods, they simply failed to benefit from the services because they did not "internalize the issues and lessons learned." Ultimately, the circuit court found that petitioners "failed to correct the circumstances" that necessitated the petition's filing.

This Court has held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Although the circuit court in this matter found that the parents substantially complied with the terms of their improvement periods, it further found that reunification of the family was not in the children's best interests, given petitioners' inability to benefit from the services completed. According to the circuit court, petitioners' failure to benefit from services resulted in the circumstances of abuse and neglect as alleged in the petition continuing unabated throughout these proceedings. As such, we find no error in the circuit court's decision to grant permanent guardianship to the DHHR with physical placement in the home of relatives.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 26, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4